### Elliott v. Commonwealth.

(Decided December 16, 1924.)

## Appeal from Cumberland Circuit Court.

1. Criminal Law—Verdict Not Disturbed, Unless Flagrantly Against Evidence, if there is Some Evidence to Sustain it.—Where there is any evidence of a convincing nature tending to sustain verdict of guilty, the verdict will not be disturbed, unless flagrantly against the evidence.

2. Intoxicating Liquors—Evidence Held to Sustain Conviction for Sale.—Evidence held to sustain conviction for sale of intoxicating liquors.

W. TANNER OTTLEY for appellant.

FRANK E. DAUGHERTY, Attorney General, and MOORMAN DITTO, Assistant Attorney General, for appellee.

Opinion of the Court by Chief Justice Sampson—Affirming.

This appeal presents only a question of fact. Appellant Elliott was convicted in the Cumberland circuit court of the offense of selling intoxicating liquors to one Anderson, and his punishment fixed at a fine of $200.00 and by imprisonment in the county jail for sixty days. He appeals.

Anderson testified for the Commonwealth that he was well acquainted with appellant, Elliott, who lived in Burkesville, and that on the day on which the grand jury returned the indictment the witness went into the town of Burkesville and at the house of appellant bought from appellant a glass of whiskey for which he paid him either fifty cents or one dollar, and immediately thereafter drank the liquor which intoxicated him; that while in this condition he was arrested on the streets of the city of Burkesville for drunkenness and carried before the court. The court directed the officers to take appellant before the grand jury to testify concerning the procurement of the whiskey which had intoxicated him; that he gave evidence before the grand jury which caused the indictment of appellant on the charge of selling liquor.

Two other witnesses were called by the Commonwealth who testified they were well acquainted with appellant's general reputation in the neighborhood where he lived and from what his neighbors generally said of him concerning his connection with the sale of liquor and that his reputation was bad.

Appellant testified he did not sell the witness intoxicating liquors at the time mentioned by the witnesses or at any other time. Several other persons testified to circumstances which tended to corroborate appellant. On this evidence appellant insists that the court should have instructed the jury to find him not guilty or, if not then he says at least that the verdict of guilty is flagrantly against the weight of the evidence.

The rule is well established that where there is any evidence for the Commonwealth of a convincing nature tending to sustain the verdict of guilty it will not be disturbed by this court unless it be flagrantly against the evidence. Here the evidence is about evenly divided. The jury saw and heard the witnesses and was better able to judge of their credibility than is this court. For these reasons the judgment must be affirmed.

Judgment affirmed.